**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff-Appellee,

  v.

P. KELLIE C. BRIMBERRY,

    Defendant/Cross-Claimant- Appellant.

and

FIDUCIARY TRUST INTERNATIONAL
OF CALIFORNIA; FRANKLIN
TEMPLETON COMPANIES, LLC;
FIDUCIARY TRUST COMPANY
INTERNATIONAL; FRANKLIN
TEMPLETON COMPANIES, LLC
GROUP CONTRACT G-50408-CA,

  Defendants-cross-defendants,

No. 14-56209

D.C. No. 2:13-cv-07429-RSWL-
AJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 9, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and KORMAN,[**] District Judge.

P. Kellie Brimberry appeals the district court's ruling that she is entitled to only $375,000 in basic accidental death coverage as the beneficiary of her deceased husband's ERISA life-insurance plan. On appeal, she contends that Prudential was obligated to pay $1 million in basic accidental death coverage, the sum of her basic term life and optional term life awards, because of various alleged ambiguities in the plan. The district court correctly interpreted the language of the provision in the plan governing basic accidental death. On de novo review, we affirm. *See Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 839 (9th Cir. 1995).

The explicit language of the contested provision states, in relevant part, that the amount payable for basic accidental death benefits is "equal to the amount for which you are insured under the Basic Employee Term Life Coverage." The parties have stipulated that the amount payable for basic employee term life coverage is $375,000. Because this contractual language is "clear and explicit and does not lead to an absurd

---

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

result, we ascertain [the parties'] intent from the written provisions and go no further." *See Helfand v. Nat'l Union Fire Ins. Co.*, 13 Cal. Rptr. 2d 295, 299 (Ct. App. 1992). Thus, Brimberry is entitled to only $375,000 in basic accidental death benefits.

All of Brimberry's attempts to inject ambiguity into this provision are without merit. Adopting her interpretations of the phrases "as determined above" and "your amount of insurance" would either render portions of the accidental death provision superfluous or be contrary to how the average reader would interpret the plan based on its unambiguous language and logical organization. Nor is the provision at issue an ambiguous and unenforceable policy exclusion. Prudential is not denying coverage, but merely contesting the amount owed. *See Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004).

**AFFIRMED.**